Mark Deatherage (010208)
mark@deatheragelawaz.com
MARK DEATHERAGE LAW OFFICE
516 West Royal Palm Road
Phoenix, Arizona 85021
602.510.8245

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| BROADCAST MUSIC, INC.; SONY/ATV SONGS, LLC d/b/a SONY/ATV MELODY; SONY/ATV SONGS, LLC d/b/a SONY/ATV TREE PUBLISHING,<br><br>Plaintiffs,<br><br>vs.<br><br>GO IRISH HOLDINGS, LLC d/b/a MOUNTAIN VIEW PUB, MICHELLE MCNAMARA, and RONALD THOMPSON, each individually,<br><br>Defendants. | No.<br><br>**COMPLAINT** |

Plaintiffs, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

### JURISDICTION AND VENUE

1.  This is a suit for copyright infringement under the U.S. Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

### THE PARTIES

3.  Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right

to license the public performance rights in 20.6 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions that are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Sony/ATV Songs, LLC is a limited liability company doing business as Sony/ATV Melody and is a copyright owner of at least one of the subject songs.

6. Plaintiff Sony/ATV Songs, LLC is a limited liability company doing business as Sony/ATV Tree Publishing and is a copyright owner of at least one of the subject songs.

7. Defendant Go Irish Holdings, LLC is a limited liability company organized and existing under the laws of the state of Arizona, which operates, maintains, and controls an establishment known as Mountain View Pub, located at 7033 East Cave Creek Road, Cave Creek, AZ 85331, in this district (the "Establishment").

8. In connection with the operation of the Establishment, Go Irish Holdings, LLC publicly performs and/or causes musical compositions to be publicly performed.

9. Go Irish Holdings, LLC has a direct financial interest in the Establishment.

10. Defendant Michelle McNamara is a Member of Go Irish Holdings, LLC with responsibility for the operation and management of that entity and the Establishment.

11. Michelle McNamara has the right and ability to supervise the activities of Go Irish Holdings, LLC and a direct financial interest in that entity and the Establishment.

12. Defendant Ronald Thompson is a Member of Go Irish Holdings, LLC with responsibility for the operation and management of that entity and the Establishment.

13. Ronald Thompson has the right and ability to supervise the activities of Go Irish Holdings, LLC and a direct financial interest in that entity and the Establishment.

<u>CLAIMS OF COPYRIGHT INFRINGEMENT</u>

14. Plaintiffs incorporate by reference all previous allegations herein.

15. Since August 2019, BMI has reached out to Defendants over fifty (50) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the

Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire.  Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that because of their failure to purchase a license, they must immediately cease all use of BMI-licensed music at the Establishment.

16.     Plaintiffs allege six (6) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire.  All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions.

17.     Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights Defendants have infringed.  For each of the six (6) claims of copyright infringement in this action, the Schedule contains the following eight Lines of information: Line 1 provides the claim number; Line 2 lists the title of the related musical composition; Line 3 identifies the writer(s) of the musical composition; Line 4 identifies the publisher(s) of the musical composition and the Plaintiff(s) pursuing that claim; Line 5 provides the date on which the copyright registration was issued for the musical composition; Line 6 identifies the copyright registration number(s) for the musical composition; Line 7 shows the date(s) of infringement; and Line 8 identifies the Establishment where the infringement occurred.

18.     For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

19.     For each work identified on the Schedule, on or about the date(s) indicated on Line 5 the publisher(s) named on Line 4 (including any predecessors in interest) complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

20.     For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical

composition identified on Line 2, and the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in that musical composition.

21. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2, without a license or permission to do so, and by doing so committed willful copyright infringement.

22. The specific acts of willful copyright infringement alleged herein, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from further acts of copyright infringement, Plaintiffs will suffer irreparable injury, with no adequate remedy at law.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, for the following relief and damages:

A. Defendants, their officers, agents, servants, employees, and attorneys, all persons acting under their permission and authority, and all persons who are in active concert or participation with any of the Defendants, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

B. Statutory damages pursuant to 17 U.S.C. § 504(c);

C. Costs and reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

D. Statutory interest on damages, costs, and attorneys' fees;

E. Such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED April 3, 2023.

MARK DEATHERAGE LAW OFFICE, PLLC

By: /s/ Mark Deatherage
Mark Deatherage
516 West Royal Palm Road
Phoenix, Arizona 85021
Attorney for Plaintiffs